**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2433-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROBERT S. MYLES,
a/k/a SCOTT MYLES,

     Defendant-Appellant.

_____

Submitted May 5, 2021 – Decided June 10, 2021

Before Judges Ostrer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 17-01-0062.

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Robert S. Myles appeals from the February 4, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons set forth in Judge Michael J. Donohue's comprehensive written opinion dated October 17, 2019.

Judge Donohue's opinion recounts the relevant facts, which need not be repeated at length here. Briefly, in August 2017, defendant pled guilty to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), pursuant to a plea agreement. In exchange for his guilty plea, the State agreed to recommend that defendant be sentenced in the third-degree range and serve a four-year prison term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. In September 2017, Judge Donohue sentenced defendant in accordance with the plea agreement. Defendant subsequently filed and voluntarily withdrew a notice of appeal.

On November 26, 2018, defendant filed a timely PCR petition; his designated counsel filed a supplemental brief several months later. Defendant's petition alleged plea counsel was ineffective because he: (1) did not allow defendant sufficient time to assess his circumstances before pleading guilty; (2) failed to interview certain witnesses whose names defendant provided to plea counsel; (3) did not file a motion to suppress incriminating statements defendant

made to the police; and (4) neglected to argue in favor of certain mitigating factors at sentencing. On October 15, 2019, Judge Donohue conducted oral argument to address these contentions. Two days later, the judge issued a letter opinion denying defendant PCR relief without an evidentiary hearing; he entered a conforming order on February 4, 2020.

On appeal, defendant renews the arguments he raised before Judge Donohue, as follows:

> POINT I
>
> [DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSITUTIONS AND THE LOWER COURT ERRED IN CONCLUDING OTHERWISE.
>
> A. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO EFFECTIVELY COMMUNICATE WITH [DEFENDANT.]
>
> B. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO CONDUCT PRE-TRIAL INVESTIGATION.
>
> C. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO FILE A MOTION TO SUPPRESS [DEFENDANT'S] STATEMENT PURSUANT TO MIRANDA V. ARIZONA, 384 U.S. 436 (1966).
>
> D. TRIAL COUNSEL'S REPRESENTATION AT SENTENCING WAS INEFFECTIVE

3

RESULTING IN AN IMPROPER, EXCESSIVE AND/OR OTHERWISE UNCONSTITUTIONAL SENTENCE.

E. THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE PROCEEDINGS UNFAIR.

POINT II

THE LOWER COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

Both the Sixth Amendment of the United States Constitution and Article I, ¶ 10 of the New Jersey State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987). To establish a violation of the right to the effective assistance of counsel, a defendant must satisfy the two-prong test outlined in Strickland. Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Accordingly, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that counsel's

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Thus, a defendant must show there was a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. Id. at 694.

This assessment is necessarily fact-specific to the context in which the alleged errors occurred. For example, when, as in this case, a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (first alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (second alteration in original)). Defendant must also show doing so "would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Additionally, a defendant seeking an evidentiary hearing must prove a hearing is warranted to develop the factual record in connection with an ineffective assistance claim. State v. Preciose, 129 N.J. 451, 462-63 (1992).

5

The PCR court should grant an evidentiary hearing when (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. Id. at 462; R. 3:22-10(b). "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462-63.

To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under the Strickland test. Preciose, 129 N.J. at 463. "[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that [he or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The petitioner must allege specific facts sufficient to support a prima facie claim. Ibid. Furthermore, the petitioner must present these facts in the form of admissible evidence. In other words, the relevant facts must be shown through "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

Applying these foundational principles, we agree with Judge Donohue that defendant did not establish he received ineffective assistance of counsel or that he was entitled to an evidentiary hearing.

Regarding defendant's claim plea counsel did not effectively communicate with him, Judge Donohue found this assertion was belied by the record. The judge observed "submissions of PCR counsel and the pro se submissions of defendant [were] somewhat contradictory," but defendant outlined "multiple instances of discussions [he had] with his attorney covering the full gamut of issues of his case." Such discussions included defendant asking plea counsel to "go back to the prosecut[o]r and ask her to offer [defendant] a 4 flat or 5 flat and [he'd] plead guilty." Defendant's PCR submission also reflects his attorney advised him the prosecutor rejected a request for a lesser sentence, so plea counsel asked for and received an adjournment of two to three weeks to permit defendant "some time to think about accepting" the State's offer. Subsequently, defendant testified at his plea hearing that he "was satisfied with the plea agreement and that he was satisfied with his attorney's representation and handling" of the case. He also confirmed the NERA sentence that he negotiated through counsel was "the sentence [he] want[ed] the court to impose."

A-2433-19

Judge Donohue next determined from defendant's submissions that he and plea counsel discussed, "more than once, the list of so-called witnesses that defendant believed should be interviewed," "that defense counsel made some effort to reach out to some of these people," and "never got through to them or they never got back to him." The judge concluded defendant offered

> essentially no representation as to what information these people possessed that would have assisted his defense. Defendant offers no certification or other competent evidence to establish that information from these people, or any of them, would have undermined the State's proofs or reasonably impacted defendant's thought process to the point where he would have rejected the plea offer.

The record supports Judge Donohue's findings in this regard.

We also agree with Judge Donohue that defendant unpersuasively argued trial counsel was ineffective for failing to file a suppression motion. When a claim of ineffective assistance of counsel is based on the failure to file a suppression motion, "defendant not only must satisfy both parts of the Strickland test but also must prove that his Fourth Amendment claim is meritorious." State v. Fisher, 156 N.J. 494, 501 (1998) (citing Kimmelman v. Morrison, 477 U.S. 365, 375 (1986)). See also State v. Roper, 378 N.J. Super. 236 (App. Div. 2005). Here, as Judge Donohue properly found, defendant offered "only bald allegations that such a motion would have been viable," but did not "establish

the likelihood that such a motion would have been successful if brought prior to his plea," particularly since the State was "in possession of substantial evidence," including the available "testimony of the victim of defendant's second-degree aggravated assault."

Given our review of the record in this matter, we further conclude Judge Donohue correctly dispensed with defendant's argument that plea counsel was ineffective for not arguing in favor of mitigating factors three, N.J.S.A. 2C:44-1(b)(3), and four, N.J.S.A. 2C:44-1(b)(4). The judge found defendant was "not provoked by nor did he have an excuse to assault" his victim, so "[i]t would be unreasonable to conclude that plea counsel should have argued for these factors in mitigation since there was no reasonable, good faith argument to be made for their application." We perceive no basis to second-guess these findings, noting an attorney's performance cannot be deemed deficient for failing to raise a frivolous argument. See State v. O'Neal, 190 N.J. 601, 618-19 (2007).

Defendant also argues for the first time on appeal that plea counsel should have argued in favor of mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12). Ordinarily, "an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012). For the sake of completeness, however, we determine that it was not ineffective for

plea counsel to refrain from arguing for this mitigating factor. The fact defendant voluntarily went to the police and confessed he assaulted his victim, after his victim reported this criminal behavior, does not constitute the type of cooperation envisioned under mitigating factor twelve. See State v. Read, 397 N.J. Super. 598, 613 (App. Div. 2008).

We also note Judge Donohue, who took defendant's plea and sentenced him, specifically found that when he sentenced defendant, he considered factors in mitigation, including that defendant took "responsibility for committing a second-degree assault." Additionally, the judge concluded the plea "agreement itself in some measure defines the mitigating effect of the plea on the court's discretionary decision whether to downgrade the sentence," citing State v. Balfour, 135 N.J. 30, 39 (1994). It also is worthy of mention that defendant's negotiated plea agreement contemplated the dismissal of three other pending charges, including second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), and allowed defendant to be sentenced in the third-degree range on the aggravated assault charge. Under these circumstances, defendant has not established there was a reasonable probability that but for plea counsel's purported errors, he would not have pled guilty or that going to trial "would have been rational under the circumstances." Padilla, 559 U.S. at 372.

Moreover, we agree with Judge Donohue that defendant received "the sentence that he bargained for," that his sentence was "not illegal," and his excessive sentencing claim was "not an appropriate issue for determination on a petition for PCR." Any such claim of excessiveness should have been raised on direct appeal. Pressler & Verniero, Current N.J. Court Rules, cmt. 3.3. on R. 2:10-3 (2021). See also State v. Clark, 65 N.J. 426, 437-38 (1974).

Finally, we disagree with defendant's contention Judge Donohue erred in not conducting an evidentiary hearing. The denial of an evidentiary hearing for a PCR petition is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). Here, the existing record provides more than sufficient evidence that defendant did not establish a prima facie case of ineffective assistance of counsel and, therefore, no evidentiary hearing was required.

To the extent we have not specifically addressed defendant's remaining arguments, we are convinced they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2433-19